UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daryl Lowry,<br>                           Petitioner,<br>vs.<br>California State Prison - Solano, Eric Arnold Warden, Kamala D. Harris,<br>                           Respondents. | Case No.: 15cv395 DMS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Dkt. No. 8]** |

Petitioner Daryl Lowry filed a petition for writ of habeas corpus contesting the constitutionality of his confinement. He filed the operative First Amended Petition (FAP) on March 11, 2015. In the FAP, Lowry asserts two claims for ineffective assistance of counsel and two due process claims. His four claims are based on events that resulted in him pleading guilty in the state trial court.

After receiving a court notice regarding a possible failure to exhaust, Lowry filed a motion to stay this case and hold his unexhausted claims in abeyance. For the following reasons, the court **RECOMMENDS** that the district court **DENY** the motion for stay and abeyance.

**Relevant Background.**

In June 2013, Lowry pleaded guilty to assault with force likely to produce great bodily injury and assault with a deadly weapon. FAP, p.2. He was sentenced to four years in prison, to be served at eighty percent. FAP, p.1. Lowry filed an appeal challenging the trial court's refusal to allow him to withdraw his guilty plea. The appellate court affirmed the judgment and denied Lowry's petition for rehearing. FAP, pp. 23-25;[1] *see People v. Lowry*, 2014 WL 5424491, *1 (Cal. Ct. App. 2014). The California Supreme Court denied Lowry's petition for review on January 14, 2015. FAP, p.27. Lowry filed this action on February 1, 2015.[2]

On March 18, 2015, the court issued a "Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies." It ordered Lowry to choose one of the following options: (1) demonstrate exhaustion; (2) voluntarily dismiss the petition; (3) formally abandon any unexhausted claims; or (4) file a motion to stay the federal proceedings. On April 6, 2015, Lowry filed a motion to stay these proceedings and hold them in abeyance while he returns to state court to exhaust the unexhausted claims.

Respondent filed an opposition on May 15, 2015, explaining that at least three of the four claims are unexhausted. Respondent argues there is no good cause to stay the

---

[1] All page citations are to the CM/ECF page numbers.
[2] The date stamp from the court shows a different date of filing. But per the "prison mailbox rule," a petition for a writ of habeas corpus is deemed filed on the day that it is delivered to prison authorities for mailing to the court. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

1  action because Lowry still has 11 months left on the statute of limitations within which
2  he can exhaust those claims.

3  **Discussion.**

4  Habeas petitioners in federal court must first exhaust their state judicial remedies.
5  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987).  Ordinarily, to
6  achieve exhaustion, a petitioner must "fairly present[] his federal claim to the highest
7  state court with jurisdiction to consider it . . .or . . .demonstrate[] that no state remedy
8  remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations
9  omitted).  When a petitioner files a "mixed" petition (one that contains both exhausted
10 and unexhausted claims), a district court may grant a stay and abeyance of the mixed
11 petition if "the petitioner had good cause for his failure to exhaust, his unexhausted
12 claims are potentially meritorious, and there is no indication that the petitioner engaged in
13 intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  But
14 a "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

15 The Supreme Court did not define the good cause standard in *Rhines*.  The Ninth
16 Circuit considers it a standard less stringent than the "extraordinary circumstances"
17 standard for equitable tolling of the statute of limitations.  *See Jackson v. Roe*, 425 F.3d
18 654, 661-662 (9th Cir. 2005).  But it rejects a broad interpretation of "good cause" and
19 reiterated *Rhines*' requirement that stays should be granted only in "limited
20 circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Here, Lowry argues factual innocence and a miscarriage of justice. Dkt. No. 11. But he offers no explanation or justification for why he failed to exhaust all his federal claims before filing the Petition. Further, the California Supreme Court denied his petition for review on January 14, 2015, making his conviction final as of April 14, 2015. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (explaining that a judgment becomes final upon the expiration of the 90-day period in which a petitioner may seek certiorari from the United States Supreme Court, regardless of whether the petitioner actually seeks such review). As of the date of this order, Lowry has almost 11 months remaining on his limitations period. Based on these facts, the court finds that Lowry has not demonstrated sufficient good cause to warrant a stay of his petition. Because there is no good cause, this court need not address whether the claim is meritorious or whether Lowry engaged in any intentionally dilatory litigation tactics. Therefore, this court finds that the stay and abeyance procedure is not appropriate, and **RECOMMENDS** that Petitioner's motion be **DENIED**.

**Lowry's Options.**

The petition contains both exhausted and unexhausted claims, and as a result, it is subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Should the district judge adopt this Report and Recommendation, this court **RECOMMENDS** that Lowry be given the following options:

///

### 1. Option 1: File a Motion for Withdrawal and Abeyance.

Another method of staying a timely federal petition while a petitioner returns to state court to exhaust unexhausted claims is the "withdrawal and abeyance" procedure. *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009). Unlike the "stay and abeyance" procedure, a petitioner seeking to use the "withdrawal and abeyance" procedure need not show good cause for his failure to exhaust. *Id*. at 1140. Under the "withdrawal and abeyance" procedure, a petitioner may withdraw the unexhausted claims from his federal petition, return to state court and exhaust those claims while the federal court holds the fully exhausted claims in abeyance, then seek to amend the timely, stayed federal petition with the newly exhausted claims. *Id.* The newly exhausted claims, however, must either themselves be timely under the statute of limitations or they must "relate back" to the claims in the fully-exhausted petition. That is, they must share a "common core of operative facts" with the previously exhausted claims. *Id*. at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659, 662-64 (2005)). If Lowry cannot show that the claims are timely or that they relate back to any exhausted claim, he cannot litigate those claims in this court.

### 2. Option 2: Voluntarily Dismiss the Petition.

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510 (stating that when a

mixed petition is dismissed, a petitioner may "return[] to state court to exhaust his claims"). Petitioner is cautioned, however, that any new federal petition must be filed before expiration of the one-year statute of limitations and in this case. 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state habeas petition that was dismissed as untimely was neither "properly filed" nor "pending" while under consideration by the state court and therefore did not toll the statute of limitations), *as amended* 439 F.3d 993. Absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

### 3. Option 3: Formally Abandon Unexhausted Claims.

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520 (stating that a petitioner who files a mixed petition may resubmit the habeas petition to present only exhausted claims). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000); *see also* 28 U.S.C. § 2244 (a)-(b).

**Conclusion.**

For the foregoing reasons, this court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED** and that Petitioner be given his options on how to proceed with this case, and that Petitioner be ordered to notify the court of his selection no later than 30 days following the filing date of the district court's order.

**IT IS ORDERED** that no later than **June 18, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections be filed and served on all parties by **July 2, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: May 27, 2015

Hon. Nita L. Stormes
United States Magistrate Judge