1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| DARYL LOWRY, | Civil No.   15cv0395 DMS (NLS) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION, AND DENYING PETITIONER'S MOTION TO STAY AND ABEY; AND** |
| v. | **NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |
| ERIC ARNOLD, Warden, et al., | |
| Respondents. | |

12
13
14
15
16
17
18

        Petitioner Daryl Lowry, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In the operative first amended petition ("Petition"), he asserted two claims for ineffective assistance of counsel and two due process claims based on the events leading up to his guilty plea in state court. Petitioner pleaded guilty to intent to commit great bodily injury, and was sentenced to four years in custody.

        The Petition was referred to United States Magistrate Judge Nita L. Stormes for a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). Upon review of the Petition, Judge Stormes made a preliminary determination that Petitioner's second claim was not exhausted. On March 18, 2015, she issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State

19
20
21
22
23
24
25
26
27
28

-1-

Court Remedies, notifying Petitioner that at least one of his claims was not exhausted, and providing him with four options for further proceedings. On April 2, 2015, Petitioner timely exercised one of his options by filing a motion to stay and abey proceedings in this Court while he exhausts his state court remedies. Respondent filed an opposition.[1] On May 27, 2015, upon review of the record, Judge Stormes issued an R&R recommending to deny Petitioner's motion, because he still had eleven months before the expiration of the statute of limitations to return to state court and exhaust his unexhausted claim. In addition, Petitioner did not make the requisite showing of good cause for his failure to previously exhaust the claim, that the claim was potentially meritorious, and that he did not engage in intentionally dilatory litigation tactics. (R&R at 3, citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005).) Petitioner has not filed an objection to the R&R, but submitted a letter to Judge Stormes asserting that he did not commit the crime to which he had pleaded guilty.

A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, as here, *de novo* review is waived. The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

Even if the Court construes Petitioner's letter as an objection, the objection is unavailing, as Petitioner has made no showing why he cannot exhaust his unexhausted claim within the time remaining before the expiration of the statute of limitations.

---

[1] Judge Stormes considered Respondent's unitmely opposition. Even if she had rejected it, her recommendation would remain sound, because the defects in Petitioner's motion, as noted in the R&R, were apparent form the face of his pleadings.

1   Petitioner also has not made a showing on any other requirements to stay and abey, such

2   as, for example, good cause for his failure to previously exhaust the claim. *See Rhines*,

3   544 U.S. at 278.

4   Accordingly, the R&R is adopted. Petitioner's motion to stay and abey is denied.

5   Petitioner is hereby given three options. **To avoid the Court dismissing the Petition,**

6   Petitioner must exercise one of the below three options by filing an appropriate notice or

7   motion no later than **August 18, 2015**:

8   Option 1: File a Motion for Withdrawal and Abeyance: Withdrawal and abeyance

9   is a method of staying a timely federal petition while a petitioner returns to state court to

10  exhaust unexhausted claims. *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009).

11  Unlike the "stay and abeyance" procedure, a petitioner seeking to use the "withdrawal

12  and abeyance" procedure need not show good cause for his failure to exhaust. *Id*. at 1140.

13  Under the "withdrawal and abeyance" procedure, a petitioner may withdraw the

14  unexhausted claims from his federal petition, return to state court and exhaust those

15  claims while the federal court holds the fully exhausted claims in abeyance, then seek to

16  amend the timely, stayed federal petition with the newly exhausted claims. *Id*. The newly

17  exhausted claims, however, must either themselves be timely under the statute of

18  limitations or they must "relate back" to the claims in the fully-exhausted petition. That

19  is, they must share a "common core of operative facts" with the previously exhausted

20  claims. *Id*. at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659, 662-64 (2005)). If

21  Petitioner cannot show that the claims are timely or that they relate back to any exhausted

22  claim, he cannot litigate those claims in this Court.

23  Option 2: Voluntarily Dismiss the Petition:  Petitioner may move to voluntarily

24  dismiss his entire federal petition and return to state court to exhaust his unexhausted

25  claims. Petitioner may then file a new federal petition containing only exhausted claims.

26  See *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (stating that when a mixed petition is

27  dismissed, a petitioner may "return[] to state court to exhaust his claims"). Petitioner is

28  cautioned, however, that any new federal petition must be filed before expiration of the

1   one-year statute of limitations and in this case. 28 U.S.C. § 2244(d). The statute of

2   limitations does not run while a properly filed state habeas corpus petition is pending. 28

3   U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see*

4   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

5   when its delivery and acceptance are in compliance with the applicable laws and rules

6   governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), as amended

7   439 F.3d 993 (holding that a state habeas petition that was dismissed as untimely was

8   neither "properly filed" nor "pending" while under consideration by the state court and

9   therefore did not toll the statute of limitations). Absent some other basis for tolling, the

10  statute of limitations continues to run while a federal habeas petition is pending. *Duncan*

11  *v. Walker*, 533 U.S. 167, 181-82 (2001).

12      Option 3: Formally Abandon Unexhausted Claims:  Petitioner may formally

13  abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S.

14  at 510, 520 (stating that a petitioner who files a mixed petition may resubmit the habeas

15  petition to present only exhausted claims). Petitioner is cautioned that once he abandons

16  his unexhausted claims, he may lose the ability to ever raise them in federal court. *See*

17  *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000); *see also* 28 U.S.C. § 2244 (a)-(b).

18      **IT IS SO ORDERED.**

19

20  DATED:  July 16, 2015

21  _____

22  HON. DANA M. SABRAW
    United States District Judge

23

24

25

26

27

28

-4-